### In re PEARSALL et al.

*(Supreme Court, General Term, First Department.* December 29, 1890.)

APPLICATION TO REVIVE APPEAL—LACHES.
   On an application for leave to revive an appeal alleged to have been taken from an order appointing an additional trustee under a will, the evidence that an appeal had been taken, or that notice of appeal had been served on the opposing parties, was very indefinite and uncertain, and it appeared that three years had elapsed since the order was made. *Held*, that the application was properly denied.

Appeal from special term, New York county.

Petition by Pauline S. Pearsall and Edward Clarence Spofford for the appointment of an additional trustee under the will of Paul Spofford, deceased. Ebenezer P. Johnson and others, executors of the will of Eugene W. Spofford, deceased, appeal from an order denying their application to revive an appeal by said Eugene W. Spofford from an order appointing such additional trustee. For construction of the will of Eugene W. Spofford, see 9 N. Y. Supp. 36.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Stimson & Williams*, (*Wm. Pierrepont Williams*, of counsel,) for appellants. *Shearman & Sterling*, (*Thomas G. Shearman*, of counsel,) for respondent.

BRADY, J. On the 14th of February, 1887, Pauline S. Pearsall and Edward Clarence Spofford, children, and beneficiaries under the will, of Paul Spofford, deceased, asked by petition for the appointment of Thomas W. Pearsall as one of the trustees under the will of their deceased father, which had been admitted to probate in 1869, and under which there had been originally four co-trustees, namely, the widow and her three sons, Paul N., Joseph L., and Gardiner S. Spofford. The widow and Gardiner S. died prior to February, 1887, and there then remained only two trustees, of whom one was Paul N. Spofford, who was insolvent, and incapacitated by bodily infirmity from taking any active part in the management of the estate, and Joseph L. Spofford, whose health was then seriously impaired, and was at the time about to take a trip to Europe, designing to be away for a long time, and who did shortly afterwards actually sail for that country, and was absent when the motion was argued. The petition prayed for the appointment of Mr. Pearsall without requiring him to give security. To this all parties interested in the estate consented, with the exception of Eugene D. Spofford, whose sole objection was to the order requiring no security from Mrs. Pearsall, unless Eugene himself could be appointed a trustee. The other beneficiaries objected to the appointment of Eugene solely on the ground of his youth, and his lack of business experience, he being then 28 years old, and never having been in business of any kind except that of a nominal clerk to his brothers, Paul and Joseph, at a very small salary. The learned justice at special term in a well-considered opinion determined to appoint Mr. Pearsall alone as co-trustee; and, inasmuch as it appeared that the trust property consisted almost exclusively of real estate, he ordered and required Mr. Pearsall to give a bond to Eugene D. Spofford for $50,000, and ordered that all moneys coming into the hands of the trustees, aggregating $5,000, should at once be deposited in the United States Trust Company to the credit of all the trustees, and to be drawn out only upon their joint order. This order was entered May 4, 1887, and served upon Messrs. Evarts, Choate & Beaman, attorneys for Eugene D. Spofford, on the 10th of May, 1887. On the 23d of August, Eugene D. Spofford, who was the only person making serious objection to the selection of Mr. Pearsall as trustee, died, leaving a will. Mr. Pearsall duly qualified as trustee, and filed his bond, to which no objection appears to have been made. No further steps were taken under this appeal for over three years, and until July 21, 1890, when the present executors of Eugene applied for leave to revive and continue it, and upon the allegation that they did not know until within a comparatively short time prior to their application that an appeal had been taken.

The application which results in this appeal was one to revive the appeal taken by Eugene D. Spofford from the appointment of Mr. Pearsall. An examination of the record presented for our consideration now indicates that the opposition to Mr. Pearsall was very slight, and it would seem to have been prompted rather by personal feeling than good judgment; and there are many reasons for believing that the appeal would be unsuccessful, but with that we have nothing to do. The question is an abstract one,—that is, whether the

appeal, having been taken, as it undoubtedly was, however imperfectly it may have been inaugurated, the executors should be permitted to revive it. Section 1303 of the Code provides that when the appellant seasonably and in good faith serves the notice of appeal either upon the clerk or upon the adverse party or his attorney, but omits, through mistake, inadvertence, or excusable neglect, to serve it upon the other, or to do any other act necessary to perfect the appeal or stay the execution of the judgment or order appealed from, the court in or to which the appeal is taken, upon proof by affidavit of the facts, may, in its discretion, permit the omission to be supplied, or an amendment to be made, upon such terms as justice requires. The appeal having been initiated, however irregularly, under the section just quoted the court has the power, and it is one which is frequently exercised, of permitting the omission to be supplied. Here there is more than that to be done, it is true. The omission suggested is to be supplied, and also the order appealed from denying the application for leave to revive the appeal reversed, in order to put the executors of Eugene *rectus in curia.* The right of appeal is a sacred one, and should not be lightly treated, even although in all probability it will be unsuccessful; and it is thought, therefore, that the petitioners should be allowed to revive the appeal, but without a stay of proceedings, so that the management of the estate shall go on uninterruptedly, without reference to the appeal itself. We think that should only be done, however, in consequence of the laches which marked the proceedings on the part of the executors, upon the payment of the costs of the motion, and $10 costs and the disbursements of this appeal.

DANIELS, J. The proof to establish the fact that an appeal had ever been taken from the order, or that the notice had been served on either of the opposing parties, is too indefinite and too uncertain to maintain that as a matter of fact. In addition to that, the long delay of the executors before their first endeavor was made to discover the fact was such as to require the denial of the motion to waive the appeal, if one had ever been taken. The order, on these grounds, should be affirmed, with costs.

VAN BRUNT, P. J., concurs.